No. 2,171.

39   405
100   439

THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANT, v. WILLIAM
TOWNSLEY, RESPONDENT.

LARCENY. —It is competent for the Legislature to declare that the larceny of spe-
cific property designated shall be deemed grand larceny, without regard to the
value of the property.

INDICTMENT UNDER STATUTE OF MARCH 28, 1868. — Under the Statute of March
28, 1868, providing that feloniously stealing and taking away of any horse, mare,
or gelding, etc., shall be deemed grand larceny, it is not necessary to state in the
indictment the value of the animal alleged to have been stolen.

Appeal from the County Court of Kern County.

The facts are stated in the opinion.

*Jo Hamilton*, Attorney General, for Appellant :

The indictment was formed and presented under the Act of March 28, 1868. (Statutes 1867–8, p. 461.)

Under this statute the indictment is sufficient, without stating any value to the property—the subject of the larceny. (*People* v. *Dolan*, 9 Cal. 576 ; *People* v. *Martin*, 32 Cal. 91 ; *People* v. *Cronin*, 34 Cal, 101 ; *People* v. *Rodriguez*, 10 Cal. 50 ; *People* v. *White*, 34 Cal. 183 ; *People* v. *Saviers*, 14 Cal. 29.)

*J. W. Freeman* and *Coffroth & Spaulding*, for Respondent.

When an indictment charges grand larceny there must be an averment showing that the chattel is of the value of $50 or more.   (Hittell's Dig. Art. 1460.)   Here there is no value declared.

To constitute the offense of larceny it must be averred that the chattel had some value.   (9 Yerger, 198; 1 Mars. 245; 3 Hill, 194; 9 Met. 134; Wharton's Criminal Law, Secs. 361–2, 610–14.)

Rhodes, C. J., delivered the opinion of the Court :

The Statute of March 28, 1868 (Statutes 1867–8, p. 461), provides that "every person who shall feloniously steal, take and carry away * * * any horse, mare, gelding, etc., * * * the property of another, shall be deemed guilty of grand larceny."   The element of value does not enter into the definition of the offense.   It is competent to the Legislature to declare, that the larceny of specific property designated, shall be deemed grand larceny, without regard to the value of the property ; and this was the purpose of that statute.   The indictment was found under that statute, and in describing the horse alleged to have been stolen, its value is not stated.   The indictment describes the offense with which the defendant is charged, substantially in the language of the statute ; and the authorities cited by the Attorney

General show that it is the well settled doctrine of this Court, that in such case, the indictment is sufficient.

Judgment reversed and cause remanded, with directions to overrule the demurrer.