TERRITORY OF MONTANA, RESPONDENT, *v.* PENDRY, APPELLANT.

APPEAL — *Record — Verdict.* — An objection on appeal that the verdict is contrary to the law and the evidence will not be considered where the record contains none of the evidence and the indictment is technically perfect.

INSTRUCTIONS — *Repetition of instructions.* — When the court had given the instruction in substance as requested by the defendant, there is no error of which the accused can complain in the refusal of the court to repeat the instruction.

GRAND JURY — *Indictment — Statutory construction.* — Section 145 of the Criminal Practice Act directs that in the investigation of any charge for the purpose of finding an indictment, the grand jury shall receive none but legal evidence. *Held,* that the statute was directory and not mandatory; that it was the duty of the grand jury to reject illegal evidence whenever aware of it, but that the law did not annul an indictment for such cause, as it was not one of the grounds enumerated in section 206, Criminal Practice Act; and that a question to one of the grand jury upon motion to set aside the indictment, as to whether he knew what was legal evidence, was properly refused.

LARCENY OF CERTAIN ANIMALS — *Proof of value.* — Under the statute which declares the theft of certain animals, whatever their value, to be grand larceny, it is unnecessary to allege or prove any particular value for the stolen animal, and that it had some value may be inferred by the jury from the facts and circumstances in the case, in the absence of direct testimony.

*Appeal from First Judicial District, Beaverhead County.*

The defendant was tried before MCCONNELL, C. J.

*Campbell & Duffy,* for Appellant.

The court erred in refusing to give the instructions in the exact language, as requested by defendant, when such instruc-

tions correctly state the law. (*Conrad* v. *Lindley*, 2 Cal. 174; *Russel* v. *Amador*, 3 Cal. 400; *People* v. *Hurley*, 8 Cal. 390; *People* v. *Ramirez*, 13 Cal. 172; *People* v. *Williams*, 17 Cal. 142; *People* v. *Lachanais*, 32 Cal. 434.)

The court erred in charging the jury that "in the crime of stealing a steer or ox it is not necessary to prove that the ox is of any special value. To constitute grand larceny, it is enough if he is of any value whatever, and this you may infer from any facts and circumstances which may be proven, in the absence of any direct evidence on that point." This instruction is clearly erroneous.

The Montana statute does change the rule of the common law. The question of value being a material question of fact, to be proven by the Territory, could only have been proven by direct evidence showing the market value of the property. (*State* v. *Doepke*, 68 Mo. 208; *State* v. *James*, 58 N. H. 67; 2 Am. Crim. Rep. 638; 4 Am. Crim. Rep. 348.)

*John B. Clayberg*, Attorney-General, for the Territory, Respondent.

A careful examination of the instructions refused, and the charge given, shows that the court gave in substance all the requests that were proper. This is sufficient. (*Boyce* v. *Cal. Stage Co.* 25 Cal. 460; *People* v. *Lachanais*, 32 Cal. 433.) The case first above cited overrules the earlier cases relied on by the defendant's counsel. The second case above cited declares it to be safer to give all legal instructions as requested, but that it is not error to change the language. (*People* v. *Ah Chung*, 54 Cal. 398; *People* v. *Murray*, 41 Cal. 66; *People* v. *Varnum*, 53 Cal. 630.)

The charge given relative to the value is correct. The crime is a statutory one, and the statute specifically says "of whatever value." The court does not say that the jury need not find any value, but that no special value need be proven by direct evidence. The common-law rule is changed by statute. Under the California statute the element of value does not enter into the definition of the offense. In such cases it is not necessary to state the value in the indictment. (*People* v. *Townsley*, 39 Cal. 405; *People* v. *Leehey*, 4 Pac. Coast L. J. 75.)

As the evidence was not contained in the transcript there is no way of ascertaining whether the charge was applicable to the evidence. (*Territory* v. *Bell,* 5 Mont. 562.)

LIDDELL, J.—The defendant was indicted, tried, and convicted of the crime of stealing a steer, and from an order overruling his motion for a new trial he prosecutes the present appeal.

The six grounds upon which he relies for a reversal will be considered in the order in which they appear in his motion.

His first two objections are that the verdict is contrary to the law and the evidence; both of which may be summarily disposed of by the statement that the record contains none of the evidence used upon the trial, while the indictment is technically perfect, inasmuch as it follows the words of the statute, and the verdict is completely responsive so the indictment.

The third objection is that the court *a quo* erred in refusing to give the instructions asked by the defendant. An inspection of the record shows that the instructions requested by the defense had already, in substance, been given by the court, and we do not think, under the circumstances, that there was any error in the trial judge's refusal to emphasize by repetition the charge already given in behalf of the accused. If the court, in substance, gives the charges asked, there is no error of which the accused can complain. (*Boyce* v. *Cal. Stage Co.* 25 Cal. 460; *Territory* v. *Corbett,* 3 Mont. 50.)

The fourth objection is to the refusal of the court to permit one of the grand jurors to answer the question as to whether he knew what was legal evidence. A motion had been filed to set aside the indictment because the grand jury had found the same upon illegal evidence. Section 145 of the Criminal Practice Act directs that in the investigation of any charge for the purpose of finding an indictment the grand jury shall receive none but legal evidence. In the very nature of things, the statute must be directory, and not mandatory. When we consider that the investigations before grand juries are often necessarily conducted by men not skilled in the law, and who are ignorant of the rules of evidence, it would be an impossibility to prevent evidence of this character from sometimes getting before the jury. It was never the intention of the law-makers that an indictment should

be set aside for any such reason, else it would have been enumerated as one of the grounds for such a motion in section 206, Criminal Practice Act. The statute merely directs the jury to conduct their investigations by means of legal evidence, and this they are to do to the best of their knowledge and information. And it is the duty of the jury to reject illegal evidence in their deliberations whenever they become aware of it. But the law of this Territory does not annul an indictment for such a cause, and the trial judge was correct in refusing to allow the question; it was irrevelant.

This brings us to the fifth ground in the motion for a new trial, and which contains the only serious reason why it should be granted. The defendant asked the court to instruct the jury that the prosecution should prove the value of the stolen animal, but the trial judge refused to do so, and instead thereof instructed the jury as follows: "In the crime of stealing a steer it is not necessary to prove that it is of any special value whatever, to constitute grand larceny, and this you may infer from any facts and circumstances which may be proven, in the absence of any direct evidence upon that point." Defendant complains that this instruction misstates the law. By the laws of the Territory, larceny is divided into grand and petit. The theft of property under fifty dollars in value is petit larceny, while to steal property of that or greater value than that sum constitutes the crime of grand larceny. But whoever steals a steer or certain other enumerated animals, of whatever value, commits the crime of grand larceny; the punishment for which is particularly specified in the section defining the crime. It is undoubtedly the common-law rule that the property stolen must have some appreciable value to be a subject of larceny, and prior to the time of George IV. it was always necessary to state the value of the stolen property in the indictment, in order to distinguish between the two offenses of grand and petit larceny, the punishment for the two crimes being different, and this is the reason for the rule as stated by East, Hale, and Blackstone. But when the distinction between grand and petit larceny was abolished, during the reign of George IV., it is not necessary to state or prove the value of the article stolen. (Archbold's Criminal Pleading and Practice, marg. p. 364. See "Form," marg. p. 354.)

In prosecutions for cattle stealing, under the statute which declares the theft of certain animals, whatever their value, to be grand larceny, it is unnecessary to allege or prove any particular value for the stolen animal. Only such domestic animals are enumerated by the statute as are universally acknowledged to be valuable, and the same punishment is meted out to the offender, without any regard to its value. That the property was of some value may be inferred by the jury from the facts and circumstances in the case, even though there be no direct testimony upon the point. There was no error in this instruction. (*Houston* v. *State*, 13 Ark. 66; *Lopez* v. *State*, 20 Tex. 781; *People* v. *Townsley*, 39 Cal. 405; *State* v. *Wells*, 25 La. An. 372; *State* v. *Thomas*, 28 La. An. 827; 1 Bishop on Criminal Procedure, § 315; Wharton's Criminal Procedure [8th ed.], § 215; Bishop on Statutory Crimes, § 427, and authorities there cited.) There are some decisions to the contrary effect, but they can all be readily reconciled upon some special reason or rule which does not apply in this case.

The last ground in the motion to set aside the verdict is evidently frivolous. Defendant insists that the court erred in denying the motion, " for the reasons stated in open court." Doubtless the reasons given by his counsel in open court why the verdict should be set aside were very convincing and conclusive to both the defendant and his counsel, but not having found them reduced to writing and contained in the motion, this court is relieved from considering them.

There is no error in the order appealed from, which is therefore affirmed, at cost of appellant.

BLAKE, C. J., and DE WOLFE, J., concur.

BACH, J. (*concurring*). — I agree with the result in this case, but I am forced to dissent from the reasoning of the majority opinion upon the fourth objection raised upon the appeal. The majority opinion seems to decide that an indictment cannot be quashed upon the ground that it was founded on illegal testimony, under any circumstances, and declares: "It was never the intention of the law-makers that an indictment should be set aside for any such reason, else it would have been enumerated as one of the grounds for such a motion in section 206 of the

Criminal Practice Act." I am of the opinion that said section permits the quashing of the indictment when it is not properly found, and when that fact is brought to the notice of the court through legal means. The |majority opinion confines such a motion to the grounds of indorsement and presentment of the indictment, under subdivision 1, section 206. On the other hand, I find three grounds contained in that subdivision: 1st. When the indictment is not found as prescribed by this act. 2d. When the indictment is not indorsed as prescribed by this act. 3d. When it has not been presented as prescribed by this act. In other words, I think that a comma should be placed between the word "found" and the word "indorsed." I reach this conclusion because: 1st. The expression "found indorsed," as it occurs in the subdivision of section 206, means nothing more than "indorsed," the word "found" adding nothing to the word "indorsed." 2d. The expression "found" has a well-defined meaning in the criminal law regarding indictments. 3d. The section is evidently taken from the Code of California, and has been so construed. (See § 995, Deering's Pen. Code Cal., and case cited in the notes.) 4th. In the case of *Territory* v. *Hart,* 7 Mont. 42, Mr. Justice McLeary expresses the opinion which would seem to limit the meaning of the subdivision to the two grounds of indorsement and presentment; but it will be seen that the learned judge held that a motion would lie when based upon the improper finding. A reference to the California authorities sustains the result in the *Hart Case,* and further proves that the proper remedy was a motion to quash, upon the ground that the indictment was "not found as prescribed by this act." (See *People* v. *Southwell,* 46 Cal. 141; *People* v. *Colby,* 54 Cal. 37.)

I accept, then, the conclusion that a motion to quash an indictment may be based upon the ground that the same "was not found as prescribed by this act." It is necessary now to determine what is meant by the expression, "the finding of an indictment." The finding of an indictment is a proceeding which commences by an investigation undertaken by a grand jury, and based only upon legal testimony, and which ends by an indictment voted for by at least twelve members of the grand jury. It is the legally declared result of an investigation based upon legal evidence. If twelve members of the grand jury do not

vote in favor of the indictment, the indictment cannot be found; if there is not legal evidence before the grand jury, upon which an indictment can be based, an indictment cannot be found; and if it is made to appear to the court, at the proper time and through the proper channel, that less than twelve grand jurors voted for the indictment, or that there was no legal evidence before the grand jury upon which to base the indictment, then, in my opinion, the court should sustain a motion to quash the indictment upon the ground that "it was not found as prescribed by this act." There are many reasons why such a motion should be granted. The finding of an indictment raises a presumption of guilt in the minds of the people, especially when the grand jury is directed not to return an indictment unless in their opinion there is evidence before them sufficient "to warrant a trial jury in a conviction." Great expense is thrown upon the defendant, and upon the public, in defending and prosecuting the action. In my own short experience upon the bench, I had occasion to direct a jury to bring in a verdict "Not guilty" in a case where the defendant was charged with the crime of murder. The foreman of the grand jury afterwards told me: "We knew that there was no evidence before us to sustain the indictment, but we were told that evidence would be furnished at the trial, if we would find the indictment." The prosecuting attorney was not present at the investigation before the grand jury, and when the prosecution rested, and the motion was made by the defendant that the court direct the jury to return the verdict, "Not guilty," the prosecuting attorney promptly rose and declared that he could not resist the motion. Suppose that a motion to quash the indictment was made upon such a showing, admitted by the prosecuting attorney, could not the court grant the motion? If the defendant in the case was innocent, great injustice was done to him by the law, and a useless expense was thrown upon the people. On the other hand, if the defendant was guilty great injustice was done to the people, for the defendant is safe from further prosecution. It is the practice and the law to indorse upon the indictment the names of all material witnesses. This does not mean only the names of those who were before the grand jury. If it were shown to the court that there were absolutely no witnesses before the grand jury, or if it

were shown to the court that the only witness before the grand jury was incompetent, could not the court grant a motion to quash the indictment upon the ground that "it was not found as prescribed by the act?" I think that it would be the duty of the court to grant the motion.

The following cases are in point: *State* v. *Fellows*, 2 Hayw. (N. C.) 340. The opinion is short, and is herein given in full, (Taylor, J.): "The person who is to be entitled to a restitution of possession, in case of a conviction on an indictment of forcible entry, cannot be a witness on the trial; and if the indictment has been found on his single testimony, it ought to be quashed." In *State* v. *Froiseth*, 16 Minn. 296, a motion to set aside (or quash) an indictment was granted because the defendant was required by the grand jury to testify before them, and did so testify, concerning a charge against himself pending before them. The statute of Minnesota regulating the practice on and enumerating the grounds for a motion to quash an indictment is similar to the said section 206 in the Montana Compiled Statutes.

In *People* v. *Moore*, 65 How. Pr. 177, a motion to quash an indictment was granted upon the ground that it was improperly found. The motion was based upon affidavits showing that the wife of the defendant was introduced as a witness before the grand jury, without the consent and against the will of her husband, the defendant, and that her testimony was vitally material. The opinion of Osborn, J., in *People* v. *Briggs*, 60 How. Pr. 17, seems to present the proper rule, one which preserves the presumption of the validity of an indictment to the fullest extent warranted by law, and one which provides a remedy against the illegal action of a grand jury. The learned judge says (see p. 41): "The law requires, and the grand jury are always charged, that no indictment should be presented unless the guilt of the accused is clearly established by credible, legal, and competent testimony. It may be said, and truthfully, that no indictment could ever stand if it was to be set aside because some illegal evidence was admitted. The grand jurors are not lawyers, and it often happens that questions are put and evidence elicited that would not be allowed in court. Shall every indictment, therefore, be set aside? I answer, by no means. Where there is

sufficient evidence to warrant the finding of a bill, no court would set it aside for technical illegalities, which it is apparent did not and could not have influenced the action taken."

In the case referred to the learned judge granted the motion to quash the indictment. The motion was based upon an affidavit showing the same state of facts as appeared in the case of *People* v. *Moore, supra.* See, also, *People* v. *Hulbut,* 4 Denio, 135, in which that learned jurist, Mr. Justice Bronson, takes the same position. The authorities and citations seem to me conclusive upon the point that in some cases the law permits, and public policy demands the granting of a motion to quash an indictment upon the ground that the same was not properly found. I shall not undertake to enumerate the causes for which such a motion would lie. Without expressing any opinion as to the propriety of examining the grand jury in support of such a motion, I am firmly convinced that the court below was correct in not allowing defendant's counsel to ask the question which is made the ground of error in this appeal. The counsel asked the foreman of the grand jury this question: "Do you know what legal evidence is?" Whether or not the grand jurors did so know was immaterial. The only proper question of that nature would be: "Did the grand jury receive and act upon illegal evidence?" That question was put by the court, and was answered in the negative. There was no error in this ruling.