[No. 1909.  Decided February 1, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. G. S.
YOUNG, *Appellant*.

LARCENY OF CATTLE — SUFFICIENCY OF INFORMATION — ALLEGATION
OF VALUE — MISCONDUCT OF PROSECUTING ATTORNEY — HARMLESS
ERROR.

In an information charging the larceny of cattle under § 52, Penal
Code, providing that if any person shall steal certain animals (naming
them), "of any value," he shall be deemed guilty, etc., it is not
necessary that the value of the stolen cattle should be alleged. (AN-
DERS and GORDON, JJ., dissent.)

Remarks of the prosecuting attorney, apparently of a character
amounting to misconduct on his part, will not warrant a reversal,
when the record is fragmentary and indefinite on the subject and
does not disclose under what circumstances the remarks were ten-
dered.

Appeal from Superior Court, Columbia County.—
Hon. R. F. STURDEVANT, Judge.  Affirmed.

*J. R. Boarman*, and *F. Ganahl*, for appellant.

·  *Will H. Fouts*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was convicted by the
superior court of Columbia county of the crime of
stealing one or more head of neat cattle, and sen-
tenced to the penitentiary for a term of ten years.
From such judgment of sentence an appeal was taken
to this court.

The information is under § 52 of the penal code of
Washington, which provides that if any person shall
steal certain animals, naming them, of any value, he
shall be deemed guilty of an offense against the laws
of the State of Washington, and upon conviction
thereof shall be imprisoned in the penitentiary and

kept at hard labor not more than ten nor less than one year; or, in the discretion of the court, the offender may be imprisoned in the county jail not exceeding one year, or fined not exceeding one hundred dollars, or both.

The information in the case at bar is as follows:

"G. S. Young is accused by the prosecuting attorney of Columbia county, State of Washington, by this information, of the crime of stealing one or more head of neat cattle, committed as follows, to-wit: The said G. S. Young on the 1st day of August, A. D., 1894, within the county of Columbia, State of Washington, did then and there, unlawfully and feloniously steal one head of neat cattle, the property of Richard Walsh. Contrary to the form of the statute in such cases made and provided, etc."

The alleged objection to this information is that it does not state the value of the cattle alleged to have been stolen. It is stoutly contended by the appellant that a lack of the allegation of the value renders the indictment bad, and it is urged that without value, there can be no larceny, unless made so expressly by statute. We think this is true, and no doubt, the old rule of the common law required the allegation of value, but there was a reason for the rule, and that was that the value determined the punishment and the grade of the crime, and when the reason for the rule no longer exists, the rule itself will not be binding. Under our statute it makes no difference what the value of the animal stolen is. The statute has made the stealing of cattle a distinct offense and the defendant could as well be sentenced to a term in the penitentiary for stealing one animal as he could for stealing a hundred, nor could he receive any benefit by an allegation of value, nor would it avail him anything to contest the value alleged, if it were alleged, and prove that

the value was less than the value alleged. If the value were alleged at one dollar, and the proof was that the actual value was a thousand dollars, or if the value was alleged at a thousand dollars and the proof was that the actual value was one dollar, the punishment would still be the same, for the crime is the stealing of cattle of *any* value. It is true that in the discretion of the court the offender may be imprisoned in the penitentiary or in the county jail, or he may be fined, but it is not at all likely that it was the intention of the legislature to have that discretion exercised with reference to the value or the number of the cattle stolen, but with reference to the circumstances surrounding the commission of the crime. This crime is by the statute directly taken out of the provisions of the law with reference to grand and petit larceny, and is made a separate and distinct offense, and the language of the statute is that if he shall steal, take or drive away these cattle of any value, he shall be deemed guilty of an offense. We think the idea intended to be expressed by the legislature was " without reference to value," nor do we think that any distinction can be made between our statute and the statute of Montana, which declares a theft of certain animals, " whatever their value," to be grand larceny. The two expressions "of any value" and "whatever their value," evidently mean practically the same thing, the legislature, resting on the presumption that cattle are of some value, and that when they are stolen, the party stealing them should be punished without reference to any particular value of the cattle. This statute was construed by the supreme court of Montana in *Territory v. Pendry,* 9 Mont. 67 (22 Pac. 761), where the court held that it was unnecessary to allege or prove any particular value for stolen animals, that the value

might be inferred from any facts or circumstances that might be proven in the absence of any direct evidence upon that point. In fact, such is now the almost universal holding of the courts under statutes similar to ours, and this principle is well recognized by all the writers of criminal law.

Archbold, in his work on Criminal Practice and Pleadings (vol. 2, pp. 363, 364), says:

"Formerly, the stealing of goods, etc., of the value of twelve pence, or under, was only petty larceny; above that value was deemed grand larceny; and in the indictment, therefore, it was necessary and material to show the value of the articles stolen; and the value of each article alleged to be stolen was stated, that, in case the jury should find the defendant guilty of stealing one of them only, the offense might appear upon the record to be grand larceny. But the distinction between grand and petty larceny was abolished by stat. 7 & 8 G. IV, c. 29, § 2; since which, it does not appear to have been necessary to state or prove the value of the article stolen,"

referring by note to the indictment on page 357, where it was held that no indictment should be held insufficient for want of the statement of value in any case where the value or price is not of the essence of the offense; adding that since the distinction between grand and petit larceny was abolished by stat. 7 & 8 G. IV, c. 29, § 2, it seems to have been no longer necessary to insert the value of the article stolen.

Bishop on Statutory Crimes (2d ed.), § 427, says:

"A rule pervading the entire procedure in larceny is, that the value of the thing stolen must be alleged and proved when the punishment or its degree depends on value; but, when it does not, it need not be."

1 Bishop on Criminal Procedure (3d ed.), § 541, after discussing the general rule, says:

"But, as we have seen, the proof of value will be adequate if it simply shows to which of the two or more classes, meriting corresponding punishments, the offense belongs. And if the statute makes it a distinct offense to steal a horse, or any other specified article, irrespective of its value, . . . the value need not be alleged in the indictment; but it must be alleged wherever it is an element in the punishment."

And again, in § 567:

"We have seen that, in many cases, the punishment depends on value, therefore in these cases it must be alleged. But for purposes of identity it is not generally required, though in special circumstances it may be. When not affecting the punishment, or the identity of the transaction, the indictment may be silent concerning it."

And that is now the universal rule, founded in good sense. As we have seen under our statute, the value could in no possible way affect the punishment, and it was therefore unnecessary to aver it.

It is contended by the appellant that the record in this case does not show that the defendant was present during the trial, and does not show that he consented to the separation of the jury, nor that he was present at the time the court gave additional instructions to the jury, nor that he was present when the verdict was rendered. The record does show, however, that these questions were not brought to the attention of the lower court on the motion for a new trial, and in accordance with the universal and oft expressed opinion of this court, the appellant will not be allowed to raise them here for the first time. We think the instructions complained of were substantially correct.

The following, which is claimed by appellant to be a reversible error, appears in the record:

"The jury being empaneled, and the prosecuting

and county attorney, Mr. Wlil H. Fouts, Esq., while addressing the jury on the testimony introduced on the trial was permitted by the court over the objection of the defendant, to explain to the jury the reason that he did not go on the witness stand in this case and testify to a conversation held by himself and defendant in his office prior to beginning of this trial."

This seems rather a strange proceeding, and, if there was enough in the record which was brought up here to show to the court that this statement was made in the first instance by the prosecuting attorney, and that there had been nothing preceding to call it forth, we should be constrained to hold that it was a reversible error, but the record does not disclose what reason was advanced by the attorney, or under what circumstances he tendered this explanation.  If in reply to a criticism by the counsel for the defense concerning this lack of testimony on the part of the attorney, it might have been legitimate for him to have replied to it by stating that he was not a competent witness, or for many other reasons which we might conjecture; but we are unable to say from this fragmentary record that the rights of the defendant were in anyway jeopardized by the statement set forth in the record, and therefore do not feel justified in reversing the case for this alleged error.

Finding no substantial errors in the record, the judgment will be affirmed.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J. (*dissenting*).—I am unable to yield assent to the proposition announced by the majority of my associates, that the legislature in enacting § 52 of the Penal Code, intended to express the idea that larceny may be committed of the animals therein mentioned without reference to value.  By that statute

the legislature made it larceny to steal certain domestic
animals " of any value," but it does not seem to me
that by the use of those words they intended to con-
vey the idea that it would be larceny if the animals
taken were of no value whatever.   On the contrary, I
think the phrase "of any value" clearly indicates
that the animals mentioned must be of some value,
and, if that is so, then we must entirely ignore this
portion of the statute in order to say that it was the
intention of the legislature to create this distinct
offense of larceny without reference to value.   To
constitute petit larceny the value of the property stolen
may be any sum less than $30 (Penal Code, § 49).   To
constitute grand larceny the value must be $30 or
more (Penal Code, § 48), but to constitute this distinct
crime of larceny of animals the value may be any sum
whatever, but it must be some appreciable amount; it
cannot be nothing.

It is said, however, that the only reason that ever
existed for alleging and proving value was that the
value determined the punishment and the grade of
the offense, and that, as the reason no longer exists
the rule itself is not binding.   That would seem to be
the view of Archbold, but I have seen no other au-
thority, save the Montana case to which I shall here-
after more particularly refer, which, in my opinion,
goes so far as to justify the conclusion reached by the
majority of the court in this case.   It seems to me
that the quotations from Bishop on Statutory Crimes
and Criminal Procedure do not admit of the broad
construction placed upon them.   In the section re-
ferred to in his work on Statutory Crimes, that learned
author says that the value of the thing stolen must be
alleged and proved when the punishment or its degree
depends on value; but when it does not it need not

be. But the question is, when does the punishment
depend on value? It appears clearly to my mind that
it depends, in some measure at least, on value in every
case of larceny, except where the legislature has ex-
pressed a contrary intention, for the reason that "an
indictment cannot be sustained for stealing a thing of
no intrinsic or artificial value. Wharton, Criminal
Pleading and Practice, (9th ed.), § 213.

. See, also, 2 Russell, Crimes, p. 125; Roscoe, Criminal
Evidence, p. 684.

The language quoted from § 541 of 1 Bishop's Crim-
inal Procedure, viz., that "if the statute makes it a
distinct offense to steal a horse or any other specific
article irrespective of its value, . . . the value
need not be alleged in the indictment," is not applicable
to cases arising under our statute. This is clearly
shown not only by the cases cited (*Lopez v. State*, 20
Tex. 780; *People v. Townsley*, 39 Cal. 405; *Davis v. State*,
40 Tex. 134); but by what the author says in § 713 of
Vol. 2 of that treatise. In this last mentioned section
he says: "There are in some of our states statutes
against the stealing of horses, cattle and other specific
things, making no mention of value. Under them,
therefore, value need not be averred; or, if averred, it
need not be proved;" and in support of the text he
refers to § 541 of the first volume and to § 427 of
Statutory Crimes, both of which, it has been observed
are quoted in the majority opinion.

It will thus be seen that Mr. Bishop did not intend
to convey the idea that value need not be alleged un-
der such statutes as ours; but only under those in
which value is not mentioned at all. And, besides, it
is a well settled rule of criminal pleading that an in-
dictment or information for a statutory crime must al-
lege every element entering into the definition of the

offense charged. This may be done, in this state, by using either the language of the statute or words of equivalent import, but not by omitting or disregarding any portion of the statute. Of course, the precise value alleged need not be proved, but it must be shown that the animal or animals stolen are of some value, or else the words "of any value" must be deemed force-less and meaningless. And this latter alternative finds no recognition in any known rule of statutory con-struction.

In the case of *Territory v. Pendry*, 9 Mont. 67 (22 Pac. 760), cited in the majority opinion in this case, the supreme court of Montana held, on the trial of an indictment for stealing a steer, under a statute making it grand larceny to steal certain designated animals, whatever may be their value, that it was not necessary to allege or prove that the animal was of any particu-lar value. But, while I fully recognize and appreciate the ability and learning of that court, I am constrained to say that, in my judgment, the decision in that par-ticular case is not only wrong in principle, but it is not sustained by the cases cited. In support of its ruling the court refers to the following cases: *Houston v. State*, 13 Ark. 66; *Lopez v. State*, 20 Tex. 781; *People v. Townsley*, 39 Cal. 405; *State v. Wells*, 25 La. An. 372; *State v. Thomas*, 28 La. An. 827. As already shown, some of these cases are referred to by Mr. Bis-hop in discussing the point here in question; but they are based on statutes materially different from ours and in which no mention whatever is made of value.

In the Arkansas case the value of the horse alleged to have been stolen was specifically set forth in the indictment, but no particular value was proved on the trial, and the court held that the value might be in-ferred from certain facts and circumstances in evidence.

If the value had been deemed unimportant it is obvious that there would have been no need of discussing that question at all.

Under the California statute, "to feloniously steal, take and carry away any horse," etc., is grand larceny, and hence the court held, in the case cited, that the element of value did not enter into the definition of the offense, and that the indictment was sufficient inasmuch as the offense charged was described substantially in the language of the statute, though no value was stated.

The statute under which the Texas case was decided reads as follows: "If any person shall steal, take or carry away any horse, mule, ass, cattle, sheep or goat, the property of another, he shall be punished by confinement to hard labor in the penitentiary, not less than one, nor more than seven years;" and the Louisiana statute upon which the decisions cited from that state were predicated, declares that "whoever shall steal any horse, ass, or mule shall suffer imprisonment at hard labor not less than one year nor more than five years;" Rev. St. La., § 814.

It is manifest, therefore, that the decision in the case of *Territory v. Pendry, supra,* should not be accepted as an expression of the law of this state. If our statute were like that of California, Texas or Louisiana, there would be good reason for holding this information sufficient, though Mr. Wharton seems to think that even the decisions under those statutes are doubtful law. Wharton, Criminal Pleading & Practice (9th ed.), § 215.

For the foregoing reasons I think the judgment of the court below should be reversed.

GORDON, J., concurs in dissenting opinion.