[No. 5355. Decided April 22, 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRIS KLEIN, *Appellant*.[1]

LARCENY—CATTLE STEALING—DISTINCT OFFENSES—STATUTES— REPUGNANCY—INFORMATION. Bal. Code, § 7113, making cattle stealing (including sheep) a distinct offense and providing a special punishment in the discretion of the court, is not repugnant to, and does not repeal, as to the kinds of property named, Bal. Code, § 7108, defining grand larceny and fixing a different punishment therefor, and the prosecutor may proceed under either statute; hence an information may charge grand larceny in the stealing of sheep.

SAME—DUPLICITY. An information charging grand larceny of the personal property of F, to wit, 111 sheep of the value of $444, states but the one offense, and is not duplicitous because it embraces sheep stealing under Bal. Code, § 7113.

TRIAL—VERDICT—PREPARING FORM. Error cannot be assigned in that the clerk prepared the form of the verdict, as it is immaterial who prepares the form.

Appeal from a judgment of the superior court for King county, Bell, J., entered December 21, 1903, upon a trial and conviction of grand larceny. Affirmed.

*Frank S. Griffith*, for appellant.

*W. T. Scott* and *Chas. S. Gleason*, for respondent.

[1]Reported in 80 Pac. 770.

DUNBAR, J.—The appellant was charged, by the prose-
cuting attorney of King county, with the crime of grand
larceny.    The information, omitting the formal part, was
as follows:

"Chris Klein is hereby accused  .  .  .  of the crime
of grand larceny, committed as follows, to wit: He, the
said Chris Klein, in the county of King, state of Wash-
ington, on the 22nd day of June, 1903, wilfully, unlawful-
ly, and feloniously, the personal property of the Frye-
Bruhn Company, a corporation, consisting of one hundred
and eleven (111) head of sheep, of the value of four ($4)
dollars each, making a total value of four hundred and
forty-four ($444) dollars, did take, steal, lead and drive
away."

To this information the defendant filed a demurrer, on
the grounds, (1) that the information did not conform
to the requirements of the code; (2) that said information
charged two crimes.    The demurrer was overruled, and
the cause proceeded to trial.    At the close of the testimony,
the defendant moved to dismiss the case on the ground that
the information charges two crimes, which motion was
overruled, and exception taken.    Defendant also moved
the court to discharge the jury on the ground of miscon-
duct, which motion was overruled, and  exception taken.
The jury returned a verdict of guilty of grand larceny.
At the time of the reception of the verdict, the defendant
objected to its being received on the ground that, except
the signature, it was prepared by the clerk instead of the
jury.   The objection was overruled, and exception allowed.
Motion for new trial was presented and overruled, and
judgment rendered.

The errors alleged are: (1) in overruling the demurrer
to the information; (2) in trying the defendant under the
statute relative to grand larceny; (3) in refusing to dis-

miss the charge of grand larceny; (4) in refusing to discharge the jury for misconduct prejudicial to defendant; (5) in instructing the jury regarding grand larceny; (6) in receiving and filing the verdict. The first contention is that Bal. Code, § 7113, an act complete in itself, fixing a special punishment, repealed Bal. Code, § 7108, as to the kinds of property named in § 7113, and that the prosecution of defendant, if at all, ought to have been under § 7113, which gave to the court a discretion as to the kind of punishment which should be meted out; that § 7113, having made the stealing of sheep a distinct offense, directly took the same out of the provisions of the law with reference to grand and petit larceny, and made the same a separate offense. The appellant cites to sustain this contention the cases of *State v. Young*, 13 Wash. 584, 43 Pac. 881, and *Tacoma Mill Co. v. Perry*, 32 Wash. 650, 73 Pac. 801. These cases do not sustain appellant's contention. All that was decided in *State v. Young* was that, in an information charging larceny of cattle, it was not necessary that the value of the stolen cattle should be alleged. *Tacoma Mill Co. v. Perry* was a civil action, and does not bear out appellant's contention.

It is also insisted that the information is bad for duplicity, and several cases are cited in sustentation of that contention. But these cases also, we think, simply state the undisputed law that two distinct crimes cannot be charged in one information, each of which constitutes a separate offense under the law. The first case cited, *State v. Dorsett*, 21 Tex. 656, was where the defendant was charged with wilfully and negligently permitting the escape, etc., and it was held that the indictment was obnoxious to the objection of duplicity, but especially on the ground that voluntary and negligent escapes were

made by the statute distinct offenses; that they were created by different sections, and different punishments were annexed. If in this case the taking of sheep was a distinct and separate crime, and the stealing and carrying away of the sheep was another distinct and separate crime, with distinct and separate punishments provided by law, then the case cited would be in point. But in this case certainly, whatever might be said of an information under the other provision of the statute, there is but one crime charged, viz., the stealing, leading, and driving away the personal property of the Frye-Bruhn Company. The other cases cited are equally inapplicable to the case at bar.

Informations of this character have been sustained many times by this court, and they are sustained by almost universal authority. The rule is plainly announced · by Bishop, Statutory Crimes, § 143, as follows; under the title, "Provisions overlying one another:"

"At common law, a particular act with its evil intent may constitute a part of several distinct offenses. Hence, when a court construes a statute, it does not so arrange and bend the several sections and clauses, or so combine it with the prior law, that a particular transaction shall be included under only one inhibition. · It is no objection that it is included under numerous separate inhibitions or statutes, each having a separate penalty of its own. Thus, a sale of intoxicating liquor may violate both a statute prohibiting labor on the Lord's day, and one against the unlicensed selling of the liquor, and the prosecuting officer may proceed for the one or the other offense, at his election. So, a statute against peddling, and another against liquor selling, may be equally violated by one sale. Nor is it material whether the inhibitions are in separate acts or separate clauses of the same act."

Further discussing the subject, in § 163e, under the title of "Doctrine defined," it is said:

"The dotrine of this sub-title is that a statute establishing the same right or remedy as a prior law does not by implication repeal it, but a party may proceed under either, at his election, unless the two are repugnant, and then the repeal takes place to the extent of the repugnance."

There seems to be no repugnancy in these statutes. The statute in relation to cattle stealing was enacted, not for the purpose of interfering in any way with the statute in relation to larceny, but simply to obviate the difficulty sometimes encountered in the trial of this class of cases of proving the value of the property stolen. *State v. Kyle,* 14 Wash. 550, 45 Pac. 147, cited by appellant, was simply to the effect that the inclusion, in an information charging the stealing of neat cattle, of an allegation that they were of the value of $20 per head, does not affect the validity of the information upon the ground that it constitutes an attempt to charge grand larceny, as such allegation should be rejected as surplusage. We think there is no authority that will sustain appellant's contention on this proposition.

It was a matter of no importance who prepared the form of the verdict which was submitted to the jury. As to the question of misconduct on the part of the jury prejudicial to the defendant, we are satisfied, from the whole record, including the affidavits in regard to the conduct of the juror Mades and the contesting affidavits, that the court did not abuse its discretion in denying the motion for a new trial on the ground of misconduct of the jury.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.