THEODOSIO LOPEZ v. THE STATE.

Where the same punishment is prescribed by the statute, for theft, without regard to the value of the property stolen: as for stealing any horse, mule, ass, cattle, sheep or goat, by the Act of 1848, it is not necessary to state the value in the indictment.

Appeal from Nueces. Tried below before the Hon. Edmund J. Davis.

The theft was committed in July, 1856; indictment found

and conviction at the Fall Term, 1857. The facts appear from the Opinion.

*Allen & Hale,* for appellant. The indictment was found under articles 522, 523 and 524, Hart. Dig. ; and the question is whether the charge of larceny is complete under those articles, without an allegation that the thing stolen was of some value. To establish the negative, we refer to the following authorities : 1 Chitty, Crim. Law, 238; 3 Id. 929 and note C ; Comm. v. Smith, 1 Mass. 245 ; Hope v. Comm., 9 Metc. 134 ; Payne v. People, 6 Johns. R. ; Wharton's Am. Crim. Law, p. 571 ; also to Code of Crim. Procedure, Art. 395, No. 7 ; Art. 396. In regard to the motion to arrest, we refer to Code of Crim. Proc., Arts. 678, 680.

*Attorney-General,* for appellee.

ROBERTS, J. This is a conviction for stealing a horse. It was objected to the indictment, in arrest of judgment, that the horse, alleged to be stolen, was not charged in the indictment to be of any value. The Court below overruled the objection and sustained the conviction.

The rule laid down in East, Hale and Blackstone is, that the value of the property must be stated in the indictment, and the reason invariably given for it is, to distinguish between grand and petit larceny.

That reason does not apply to this case. The statute, under which this prosecution was instituted, prescribes, " that if any person shall steal, take or carry away any horse, mule, ass, cattle, sheep or goat, the property of another, he shall be punished by confinement to hard labor in the penitentiary, not less than one nor more than seven years." (Hart. Dig. Art. 522.)

Here, the same punishment is prescribed without reference to the value of the property, with power conferred on the jury to graduate it; and only such domestic animals are enumerated as are universally recognized to be valuable. Hence it is not necessary to allege a value in an indictment under this article. Archibald, after stating the rule, and the reason on which it was founded, says : " But the distinction between grand and petit larceny was abolished by 7 and 8 G. 4, c. 29, s. 2; since which, it does not appear to have been necessary to state or prove the

value of the article stolen, and I therefore omit it in the indictment." (Arch'd Crim. Pleading and Practice, marg. p. 364; see the form, Id. 354.)　Upon the same principle, it was not improper to omit it in this indictment.　The American authorities, that seem to indicate a different practice, may be easily reconciled by showing, either that they are not similar to this case, or that, in their adjudication, they are based on a rule the reason of which does not apply, and has ceased to be recognized in England where it originated. (See Wilson v. State, 1 Porter, (Ala.) R. 118; Com'th v. Smith, 1 Mass. R. 245.)

Judgment affirmed.