THE STATE v. BURNS, *Appellant.*

1. **Criminal Law**: PRACTICE. Where there is neither a motion for new trial nor in arrest of judgment preserved in the record, the appellate court will only review the record proper.

2. ———: ———. The judgment will be reversed in a criminal cause for an error in the record proper, affecting the merits, although no motion for new trial or in arrest of judgment was made in the trial court.

3. ———: PLEADING: INDICTMENT. An indictment for murder in the first degree. formal in all particulars, except that it alleges that defendant did deliberately, etc., "strike, stab and thrust in and upon the left side of the body of him, the said Frank Phelan, one mortal wound of the length of one inch," etc., is only defective in form, and not in substance, and such informality does not constitute error available to the defendant after the verdict. (R. S. 1879, sec. 1821.)

4.  ———: VERDICT. The jury may, upon their verdict of guilty of murder in the second degree, assess the punishment of the defendant at imprisonment in the penitentiary for life.

*Appeal from Camden Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*Nixon & King* for appellant.

(1) The verdict did not specify the number of years the defendant was to be imprisoned in the penitentiary, as provided by law. The jury assessed his punishment in the penitentiary during his natural life. The law evidently intended that verdicts should specify the number of years, so that convicts could have benefit of three-fourths rate, as provided by section 6533, Revised Statutes, 1879. (2) The indictment is insufficient in this: It does not allege that the stabbing, cutting, etc., produced the mortal wound. Its language is "did strike, stab and thrust in and upon the left side of the body of him, the said Frank Phelan, one mortal wound," etc. The indictment fails to show any connection between the striking, stabbing, cutting and thrusting and the mortal wound, and hence the indictment fails to charge that defendant produced the death of Frank Phelan.

*John M. Wood,* Attorney General, for the State.

There is neither a motion for new trial, nor in arrest, in the bill of exceptions, and no questions are raised which are subject to review by this court. The defect, if any, in the indictment was not such as to prejudice the substantial rights of the defendant upon the merits. R. S. 1879, sec. 1821; *State v. McDaniel,* 94 Mo. 301; *State v. Kinney,* 81 Mo. 101; *State v. Burnett,* 81 Mo. 119;

*State v. Eaton,* 75 Mo. 586; *State v. Chamberlain,* 89 Mo.
129; *State v. Edwards,* 60 Mo. 490; *State v. Craighead,*
32 Mo. 561.   The judgment should be affirmed.

BRACE, J.—At the August term, 1887, of the circuit
court of Camden county, the defendant was tried and
convicted of murder in the second degree, and his pun-
ishment assessed at imprisonment in the penitentiary for
life.   There is, in the record, neither a motion in arrest,
nor for new trial, consequently there is nothing before us
for review except the record proper, for error in which,
affecting the merits, a judgment will be reversed in a
criminal case, although no such motions were made in
the trial court.   *State v. Marshall,* 36 Mo. 400.

The indictment charges "that David Burns, on the
twelfth day of June, A. D. 1886, at the county of Cam-
den, in and upon one Frank Phelan, then and there
being, feloniously, wilfully, deliberately, premedi-
tatedly, and of his malice aforethought, did make an
assault, and with a certain knife which he, the said David
A. Burns, in his right hand, then and there had and held,
him, the said Frank Phelan, feloniously, wilfully, delib-
erately, premeditatedly, and of his malice aforethought,
did strike, stab and thrust in and upon the left side of
the body of him, the said Frank Phelan, one mortal
wound of the length of one inch, of the breadth of half
an inch, and of the depth of three inches, of which said
mortal wound the said Frank Phelan, from the twelfth
of June, in the year aforesaid, at Osage Iron Works, in
the county aforesaid, did languish and languishing did
live, on which said fifteenth day of June, in the year
aforesaid, the said Frank Phelan, at Osage Iron Works,
in the county aforesaid, of the mortal wound aforesaid,
died, and so the grand jury aforesaid, " etc.   The con-
clusion is in the usual form. ·

I.   If the pleader in this indictment had inserted
next before the words "one mortal wound" the words
"giving to the said Frank Phelan, then and there, with

the knife aforesaid, in and upon the left side of the body of him, the said Frank Phelan,'' the indictment would have been in the usual and approved form of indictment for murder by stabbing. Kelly Crim. Law & Prac., sec. 445; 1 Wharton Prec. 155. It is contended that the indictment fails to charge that the defendant produced the death of Frank Phelan; if so, it is because of the omission of this participial expression, whose office it is in allegation to connect the act of the defendant with the death of the deceased as its cause. But if that office is as well performed to the ordinary understanding by the direct and positive averments of the indictment, its omission can have worked no prejudice to the defendant on the merits. In order to determine whether this has been accomplished in this instance, let the expression in the usual form, and the averments of the petition be shorn of their qualifying terms, for the sake of clearness, and placed beside each other, using for illustration, either one of the verbs "strike," "stab or thrust;" take "stab" for instance, as the most comprehensive and characteristic. In the usual form we would have the expression thus: "That the said David Burns, with a certain knife, him, the said Frank Phelan, did stab in and upon the left side of the body, giving to the said Frank Phelan, then and there, with the knife aforesaid, in and upon the left side of the body of him, the said Frank Phelan, one mortal wound;" and in the indictment thus: "That the said David Burns, with a certain knife, him, the said Frank Phelan, did stab in and upon the body of him, the said Frank Phelan, one mortal wound;" or, omitting unnecessary repetitions, and reducing the expressions to their last form, in the first, we have: "The said Burns, with a certain knife, did stab the said Phelan in and upon the left side of his body, giving him, then and there, one mortal wound;" and in the second: "The said Burns, with a certain knife, did stab in and upon the left side of the body of him, the

said Phelan, one mortal wound." The difference between the two expressions is simply that, in the first, it is said the defendant stabbed the deceased, giving him a mortal wound, and, in the second, that the defendant stabbed a mortal wound in and upon the deceased. The sense is the same in each, and however much it may be regretted that a pleader, in an indictment for so grave a crime as murder should hazard a departure from the usual and approved form in an essential charge, and however unusual and awkward the charge may appear in the form used in this indictment, nevertheless the foregoing analysis, we think, shows that the difference is one of form only, and not of substance, and is not such error as can avail the defendant after verdict. R. S. 1879, sec. 1821. The uncontradicted evidence was that the defendant stabbed the deceased to the death with a knife.

II. There is nothing in the suggestion that the jury were not authorized to assess the punishment of the defendant at imprisonment in the penitentiary for life, under Revised Statutes, 1879, section 1234, because of the three-fourths rule, provided for the benefit of orderly and peaceable convicts in the penitentiary by section 6533.

Finding no error on the face of the record proper, calling for a reversal in this case, the judgment is affirmed. All concur, except SHERWOOD, J., who dissents.*