JOHN FLANNAGAN v. STATE OF NEBRASKA.

[FILED JUNE 29, 1891.]

</div>

Larceny From the Person: SPECIFIC VALUE NEED NOT BE PROVED. In a prosecution under sec. 113a of the Criminal Code for larceny from the person, the prisoner was charged with stealing a silver watch and found guilty without specific proof of the value of the watch; *held*, no error.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Jay Bros.*, for plaintiff in error, cited, as to the failure to prove value: *McCoy v. State*, 22 Neb., 420; *Armstrong v. State*, 21 O. St., 357; *Thompson v. People*, 4 Neb., 530; *People v. Levison*, 16 Cal., 98; *Loeffner v. State*, 10 O. St., 598; *Doyle v. State*, 17 O., 225; *Williams v. State*, 12 O. St., 622; *Goodin v. State*, 16 Id., 345; *Cantwell v. State*, 18 Id., 481.

*William Leese, Attorney General*, contra.

COBB, CH. J.

On the 24th day of February, 1890, the county attorney of Dakota county filed in the district court of that county an information charging the plaintiff in error with having, on the 20th day of January, 1890, in Dakota county, stolen from the person of one Mike Condon a silver watch

of the value of $10, the property of the said Mike Con-
don.  On the 25th day of February, 1890, a trial was
had in which the plaintiff in error was convicted and sen-
tenced to eighteen months in the penitentiary.  The con-
viction was had under sec. 113*a* of the Criminal Code,
entitled larceny from the person : " Every person who steals
property of any value by taking the same from the person
of another without putting such person in fear by threats
or the use of force and violence, shall be deemed guilty of
grand larceny, and shall, upon conviction thereof, be pun-
ished by confinement in the penitentiary for not less than
one nor more than seven years."

The following errors are assigned :

I. The court erred in refusing to instruct the jury to
acquit the prisoner after the prosecution had rested its case.

II. In admitting evidence as to what the prisoner said
at his preliminary examination as to what he had done
with the watch.

III. In giving instructions Nos. 3 and 4.

IV. The verdict is not sustained by sufficient evidence.

V. In overruling the motion for a new trial.

It is the testimony of four witnesses on the trial, Ken-
drick, Bartlett, Montgomery, and Williams, that on the
evening of January 20, 1890, at McGoffin's saloon, in
Covington, Dakota county, the prisoner took from the per-
son of Mike Condon, while he was sitting in a chair, lean-
ing against the wall, in the back part of the saloon, asleep,
an open faced silver watch, which was identified by the
witnesses ; that the prisoner immediately crossed over the
river to Sioux city and pledged the watch for $3.50 at a
pawnbroker's on Fourth street, and transferred the ticket
to a tavern keeper there for entertainment and lodging.
The prisoner, on his return to Covington, was arrested by
Kendrick and Williams, policemen, and gave information
of the watch and pawnbroker's ticket, which was redeemed
by the payment of $7 to the holders.  The surreptitious

taking of the watch was claimed by the prisoner, upon his arrest, as only a joke. The court and jury found that he carried the joke too far, which was accounted larceny. No other testimony was offered by the prisoner. The prosecution was conducted with propriety. The instructions to the jury were temperate and correct, and the verdict is sustained by all the evidence.

The errors are overruled, and the judgment of the district court is

AFFIRMED.

THE other judges concur.