## STATE v. FLUTE.

Under Rev. Code Cr. Proc. § 219, providing that all the forms of pleading in criminal actions, and rules by which their sufficiency is to be determined, are those prescribed by the Code of Criminal Procedure (sections 221, 229, subd. 6), requiring an information to contain a statement of the acts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended, and section 230, providing that no information is insufficient by reason of a defect in matter of form which does not tend to the prejudice of the substantial rights of the defendant on the merits, an information charging that the accused did, with

a shotgun which was loaded with powder and leaden bullets, discharge
at and upon and against the body of the deceased, thereby striking him
with the bullets, inflicting wounds from which he died, is not insuffi-
cient because of failure to allege that the accused discharged the gun
at deceased.

The absence, at the opening of the trial for murder, of an attorney
who assisted in the prosecution, and who appeared after 10 jurors had
been impaneled, was not ground for reversal of a conviction, where the
counsel for defendant were given an opportunity to re-examine the
jurors as to their qualifications or relations with counsel so assisting in
the prosecution.

(Opinion filed, June 27, 1906.)

Appeal from Circuit Court, Roberts County. Hon. J. H. Mc-
Coy, Judge.

Zach Flute was convicted of murder, and brings error. Af-
firmed.

*Sears & Potter* and *J. O. Andrews,* for plaintiff in error. *Philo
Hall, Atty. Gen.,* and *Frank McNulty, State's Atty.,* for the State.

HANEY, J. The information upon which the defendant was
convicted of murder and sentenced to imprisonment for life contains
the following allegations: "That on the 10th day of August, A. D.
1905, at the township of Goodwill, in the county of Roberts, and
state of South Dakota, Zach Flute, being then and there a human
being, did then and there feloniously, without authority of law, and
with premeditated design to effect the death of one Edward Peter-
son, the person killed, did then and there with a shotgun which was
then and there loaded with powder and leaden bullets, and by him,
the said Zach Flute had and held in both his hands, he the said Zach
Flute did then and there feloniously and of his deliberately premed-
itated malice aforethought, shoot off and discharge at and upon and
against the body of the said Edward Peterson, thereby and by thus
striking the said Edward Peterson, with said leaden bullets, inflict-
ing on and in the neck and back one or more mortal wounds, and
did him the said Edward Peterson, then and there, and thereby un-
lawfully, feloniously, without authority of law, and with premedi-
tated design to effect the death of said Edward Peterson, mortally
wound, from which mortal wounds so made as aforesaid, the said
Edward Peterson then and there died, being then and there a human
being, contrary to the form of the statute in such case made and

provided, and against the peace and dignity of the state of South Dakota."

It is contended that the facts stated do not constitute a public offense, because it is not alleged "that the defendant ever discharged at Peterson the loaded gun which it is averred that Flute held in his. hands.". It is·now generally held, in pursuance of statutory provisions, that a statement of the acts constituting the offense in plain, concise, and intelligible language is all that is required so long as the· defendant is not misled, and that incorrectness of grammatical construction will not vitiate an information where the meaning of the· charge remains clear. 10 Ency. Pl. & Pr. 477; State v. Turlington, 102 Mo. 642, 15 S. W. 141. In this state all the forms of pleading in criminal actions, and rules by which the sufficiency of pleadings. is to be determined, are those prescribed by the Code of Criminal Procedure. Rev. Code Cr. Proc. § 219. "The indictment or information must contain: (1) The title of the action, specifying the name of the court·to which the indictment is presented, and the· names of the parties. (2) A statement of the acts constituting the offense, in ordinary·and concise language, and in such manner as to enable a person·of common understanding to know what is intended." Id. § 221. 'It is sufficient if the statement of the acts constituting the offense "is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to·enable a person of common understanding to know what is intended." Id. § 229, subd. 6. "No indictment or information is insufficient, nor can·the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form, which does not tend to the prejudice·of the substantial rights of the· defendant upon the merits." Id. 230. The principal office of an information is to inform the accused of the "nature and·cause of the accusation against him"; to be thus informed being one of his most important constitutional rights. State Const. art. 6, § 7. The· required object cannot be better attained than by stating the acts. constituting·the alleged offense "in ordinary and concise languge, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Our rules·of pleading in criminal actions are simple, sensible, and clearly consti-

tutional. State v. Swenson, 18 S. D. 196, 99 N. W. 1114. Eliminating what is not material to defendant's contention, the allegations of the information read thus: "That * * * Flute * * * did * * * *with* a shotgun which was * * * loaded with powder and leaden bullets and by him * * * held in both his hands * * * shoot off and discharge at and upon and against the body of the said Edward Peterson, * * * thereby striking the said Edward Peterson with said leaden bullets, inflicting on and in the neck and back one or more mortal wounds, * * * from which mortal wounds * * * the said Edward Peterson then and there died." Omitting the italicized word "with," and rearranging its several clauses, the charge is that Flute did shoot off and discharge at and upon and against the body of said Peterson a shotgun, which was loaded with powder and leaden bullets and held by Flute in both his hands, thereby striking said Peterson with said leaden bullets, inflicting one or more mortal wounds, of which said Peterson died. Hence, the only cause for criticism is the unnecessary use of the word "with" preceding "a shotgun." Undoubtedly its use renders the grammatical construction defective, but no "person of common understanding" could thereby be misled as to what was intended. Precisely the same defect was considered in State v. Turlington, supra, concerning which the court said: "The indictment was in the usual approved form for murder in the first degree, with the exception that the charge is that defendant 'with a certain pistol * * * did shoot off and discharge at, and upon, him, the said Cranmer,' etc., thus departing from the usual form by supplying or inserting the word 'with' before the words 'a certain pistol.' " It is evident that the grammatical and rhetorical construction of the indictment is much impaired by the departure, but it cannot be said that the meaning has thereby been rendered so obscure as not sufficiently to advise the defendant of the crime of which he was charged. There is no material charge in the indictment omitted, and the word needlessly and improperly inserted does not tend to prejudice the substantial rights of the defendant. Rev. St. 1889, § 4115; State v. McDaniel, 94 Mo. 301, 7 S. W. 634; State v. Burnett, 81 Mo. 119; State v. Hughes, 82 Mo. 86; State v. Burns, 99 Mo. 471, 12 S. W. 801." The information is certainly sufficient.

The defendant having pleaded not guilty, the cause was called for trial February 21, 1906; Frank McNulty, state's attorney, only appearing personally for the state, and Sears & Potter and J. O. Andrews appearing for the defendant. After three jurors had been accepted and sworn, defendant's attorneys made the following statement: "Our attention has just been called to memorandum on the docket of the clerk, to the effect that the state's attorney, Frank McNulty, gave notice on the call of the calendar on yesterday that additional counsel would be present and participate in this trial. Now, up to this time, there has been no counsel present except Mr. McNulty, and we desire to make the record in this case with the consent of the court, and have noted our objections to the participation in the trial of this case of any counsel who has not been present at the time the three jurors were selected who are now in the box." Thereupon Mr. McNulty stated that, upon the preliminary call of the calendar, he had announced that Mr. Murphy would assist the prosecution, and that he had so informed J. O. Andrews, one of the attorneys for defendant, several days before the trial began. This was not denied, and the court made the following statement to defendant's counsel: "You may examine the three jurors now, and the court tenders to the defendant in this case the privilege of examining the three jurors who have been sworn, as to their qualifications or relations with F. W. Murphy." To this defendant objected, "for the reason that the said F. W. Murphy is not present, and the counsel for the defendant are not acquainted with him, and have no means of making such examination." Thereupon the court directed the examination and selection of jurors to proceed, to which no objection was made, and no exception noted. At the opening of court on the following morning, 10 jurors having been accepted and sworn, the state's attorney announced that Mr. Murphy was present and desired the court to afford the defense an opportunity to re-examine all accepted jurors concerning their relations to such assistant prosecutor. Such opportunity was given, but declined by the defendant, and the selection of jurors proceeded. Waiving the serious question as to whether the rulings of the learned circuit court regarding the selection of this jury can be reviewed in the absence of a motion for a new trial, it requires no argument

to show that such rulings were entirely fair and free from error. Conceding that the accused is entitled to examine the jurors concerning their relations to the assistant prosecutor, he has no cause to complain, as he was given two opportunities to do so.

There are no other assignments of error.

The judgment of the circuit court is affirmed.