## STATE v. FAULK.

An information charging the larceny of "one gold coin current as
money in this state, of the value of $5.00," etc., sufficiently describes
the property stolen in view of Rev. Code Cr. Proc. § 219, providing
that all the forms of pleading in criminal actions and rules by which
the sufficiency of pleadings is to be determined are those prescribed
by the Code and section 237, providing that, in an indictment or in-
formation for the larceny of money, it is sufficient to allege the lar-
ceny without syecifying the coin, number and denomination, or kind
thereof, for the term "coin" has a definite signification, and the desig-
nation used was in effect an allegation that it was a gold coin stamped
by government authority.

An information alleging that accused "one gold coin * * * of
money of one William O'Brien, * * * feloniously did steal," etc.,
sufficiently alleges the ownership of the money.

An information charging that accused "one gold coin * * * of
the money of one William O'Brien then and there being upon the
person of said William O'Brien, * * * did steal," etc., charged that
the money was taken from the person of William O'Brien, so that a
person of ordinary understanding would know what was intended, as
required by Code Cr. Proc. § 221, subd. 2.

The court will presume that an accused is a person of common
understanding.

Evidence **held** to show that a gold coin alleged to have been
stolen was a $5 gold piece.

The Supreme Court will presume a gold coin which was stolen
to be of its face value.

Where the value of property alleged to have been stolen was **not**

material, proof of its value is not necessary, as courts and jurors will presume from the nature and character of the property proved to have been stolen that it had some value.  Hence in a prosecution for grand larceny, under Rev. Pen. Code, § 608, subd. 2, as amended by Laws 1903, p. 175, c. 151, making a larceny from the person grand larceny, the presumption that the property stolen was of some value is sufficient to sustain a conviction.

In a prosecution for larceny from the person as grand larceny, evidence **held** to show non-consent of the prosecuting witness.

While it is necessary that the jury be satisfied beyond a reasonable doubt that property alleged to have been stolen was not taken with the consent of the prosecuting witness, it is not necessary that there be direct proof of non-consent, but lack of consent may be inferred from the circumstances connected with the larceny.

Where an information for grand larceny alleged the taking of "one gold coin current as money in this state, of the value of $5.00," etc., the allegation that the coin was current money in this state, being unnecessary, may be regarded as surplusage, and failure to prove the allegation will not constitute fatal variance.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Butte County.  Hon. WILLIAM G. RICE, Judge.

Herbert Faulk was convicted of grand larceny, and appeals. Affirmed.

*T. W. La Fleiche,* for plaintiff in error.  *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *A. H. Maxwell, State's Atty.,* for the State.

CORSON, J., Upon an information filed by the state's attorney of Butte county the defendant was tried and convicted of the crime of grand larceny.  When the case was called for trial, the defendant objected to the introduction of any evidence under the information on various grounds, but the objection was overruled, and the defendant excepted.  Subsequently on the rendition of the verdict, the defendant moved upon substantially the same grounds in arrest of judgment and for a new trial, which were denied, and the defendant thereupon appealed to this court.

Numerous errors are assigned, but those discussed by counsel are:  That the information is fatally defective in the following particulars:  (1) There is no sufficient description of the property alleged to have been stolen.  (2) There is no allegation that the property was taken from the person of the complainant, William

OBrien. (3) There is no sufficient allegation that William O'Brien was the owner of the property. (4) The information failed to charge sufficient facts to constitute grand larceny. (5) The verdict of guilty was not sustained by the evidence, because there was no proof that the gold coin described in the information was current money in this state, there was no proof of any value, there was no sufficient proof that the gold coin was money within the meaning of the law, and it utterly fails to disclose what kind of a gold coin or that it was money of any country; that there is no sufficient evidence to show that the complainant, William O'Brien, did not consent to the taking. The information, omitting the formal parts, is as follows: "That Herbert Faulk * * * one gold coin, current as money in this state, of the value of five ($5.00) dollars and sundry silver coins, current as money in this state, of the aggregate value of three ($3.00) dollars, of the money of one William O'Brien, then and there being upon the person of said William O'Brien, by fraud and stealth, feloniously did steal, take, and carry away, with intent to deprive the said William O'Brien thereof, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota."

By section 608 of the Revised Penal Code, as amended by chapter 151, p. 175, Laws 1903, grand larceny is thus defined: "Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of value exceeding twenty dollars; (2) when such property, although not of value exceeding twenty dollars, is taken from the person of another; (3) when such property, although not of value exceeding twenty dollars, is a bull, steer, cow, heifer or calf, or is a stallion, mare, gelding, horse or colt. Larceny in other cases is petit larceny." It is contended by the defendant that the description of the property alleged to have been stolen as "one gold coin, current as money in this state," is an insufficient description of the property alleged to have been stolen. By section 219 of the Revised Code of Criminal Procedure it is provided that "all the forms of pleading in criminal actions, and rules by which the sufficiency of pleadings is to be determined, are those prescribed" by the Code. State v. Flute, 20 S. D. 562,

108 .N. W. 248; State v. Swenson, 18 S. D. 196, 99 N. W. 1114. By section 237 it is provided: "In an indictment or information for the larceny * * * of money * * * it is sufficient to allege the larceny * * * without specifying the coin, number, denomination or kind thereof." The term "coin" has a definite signification, and is defined by Webster as "a piece of metal on which certain characters are stamped by government authority, making it legally current as money." Hence the designation of one gold coin of the value of $5 is in effect an allegation that it was a gold coin stamped by government authority. In Commonwealth v. Gallagher, 16 Gray (Mass.) 240, it was held by the Supreme Court of Massachusetts that "a complaint for larceny sufficiently describes the kind and value of property stolen as copper coin of the value of $2.75"; and in the opinion the court says: "An indictment for larceny of coins usually alleges them to be money current in the commonwealth. But we do not deem it to be necessary, for coins not here current as money are doubtless the subject of larceny. And in United States v. Rigsby, 2 Cranch, C. C. (U. S.) 364, Fed. Cas. No. 16,163, it was decided that an indictment for larceny of 'one silver coin of the value of fifty cents' was sufficiently certain, and that it was not necessary to allege its value in current money of the United States or of any other country. * * * And we doubt not that this legal meaning of the single word 'coin' is the same which is understood by people generally, as well as by professional men. It is the meaning given not only in law dictionaries, but by all lexicographers. As the word 'coin' without any prefix means metallic money generally, so 'copper coin,' without any further description, means copper money generally, and not a single coin, nor any specific number or kind of coins. In the present case the words 'copper coin' have the same meaning as copper coins." The contention of the defendant is therefore clearly untenable.

It is further contended by the defendant that the ownership of the money was not sufficiently alleged, but this contention is untenable, as the money is alleged in effect to be the money of one William O'Brien. The allegation of ownership is clearly sufficient under the decision of this court in State v. Montgomery, 17 S. D. 500, 97 N. W. 716.

It is further contended by the defendant that it is not sufficiently alleged that the property was taken from the person of the complainant O'Brien, but, as will be noticed, it is alleged that the defendant "of the money of one William O'Brien, then and there being upon the person of said William O'Brien, by fraud and stealth feloniously did take and carry away with intent to deprive the said William O'Brien thereof." This allegation in our opinion is in effect a statement that the money was taken directly from the person of the complainant, O'Brien, and that the defendant must have understood from the information, as this court will presume he was a person of common understanding, that he was charged with stealing the money from the person of O'Brien. Section 221, subd. 2, Rev. Code Cr. Proc.

It is further contended by the defendant that the evidence as to the value of the money stolen is insufficient, but we are of the opinion that this contention is untenable. It was shown by the complaining witness that, when he went into the saloon in which the money was stolen from him, he had two $5 gold pieces, and it is shown by the barkeeper that one of these gold pieces was changed by him for O'Brien. It is further shown by witness O'Neil that in the sack stolen there were $5 and 60 or 70 cents, and that it was taken from the pocket of O'Brien. The evidence was therefore sufficient to show that the gold coin charged in the information was a $5 gold piece, and this court will presume it to be of its face value. But it seems to be generally held under the law applicable to larceny in this class of cases, where the value of the property alleged to have been stolen is not material, proof of its value is not necessary, as courts and jurors will presume from the nature and character of the property proved to have been stolen that it had some value. Arch. Crim. Pl. & Pr. 364; 25 Cyc. 86; Chestnut v. People, 21 Colo. 512; 42 Pac. 656; Territory v. Pendry, 9 Mont. 67, 22 Pac. 760; Houston v. State, 13 Ark. 66; Lopez v. State, 20 Tex. 780; Flannagan v. State, 32 Neb. 114, 49 N. W. 220. In Chestnut v. People, supra, the Supreme Court of Colorado, in discussing a statute quite similar to our own in regard to larceny, says: "It is necessary to allege and prove value in cases of larceny only when the value of the property alleged to have been stolen

determines the grade of the offense and the punishment to be imposed; and, where the punishment does not depend upon the value of the article stolen, proof of value is unnecessary."

The contention of the defendant that there was no proof of the nonconsent of the taking by O'Brien complaining witness is without merit. It was shown by the evidence of the complaining witness O'Brien that he was in the saloon with the money in his pocket, and that it was taken from him by some one, as he felt the hand of a person reach into his pocket, and that he at once seized a bystander and demanded that he return the money, but it proved to be the wrong person, and it subsequently developed that the defendant was the party who had taken the money. While it is necessary that the jury be satisfied beyond a reasonable doubt that the taking of the property was not consented to by the complaining witness, still it is not necessary that there be direct proof of such fact. The nonconsent may be inferred from the circumstances connected with the larceny. The evidence in the case at bar was clearly sufficient to warrant the jury in finding such nonconsent. Rema v. State, 52 Neb. 375, 72 N. W. 474; Territory v. Pendry, supra.

It is further contended by the defendant that there was no evidence proving or tending to prove that the coin alleged to have been stolen was current money in this state. The allegation in the information that the gold coin alleged to have been stolen was "current money in this state" was an unecessary allegation and may be regarded as surplusage. If the gold coin, as we have seen, is to be regarded as money, it was the subject of larceny without regard to the fact of its being current money within the state, "for coins not here current as money are doubtless the subject of larceny." Commonwealth v. Gallagher, supra. Hence the failure to prove that the coin alleged to have been stolen was current as money in this state was entirely immaterial as that allegation was not required.

It is further contended by the defendant that there was no sufficient evidence in the case to justify the verdict, but this contention is clearly untenable, as there was ample evidence to warrant

the jury in finding the defendant guilty as charged in the information.

There are other assignments of error, in the record, but, as they were not discussed by counsel, we do not deem it necessary to give them special consideration.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.