Argued March 18; affirmed March 31, 1931

STATE *v.* BROOM ET AL.

(297 P. 340)

*Chas. W. Robison,* of Portland (Hy Samuels, of Portland, on the brief), for appellant.

*C. W. Barrick,* District Attorney, of Tillamook, for respondent.

BROWN, J. The charging part of the indictment reads:

"The said Mark Broom and Mrs. Mark Broom acting together on the 3d day of September, A. D. 1930, in the said county of Tillamook and state of Oregon, then and there being, and then and there being armed with a dangerous weapon, to wit, a revolver, did commit an assault on one L. B. Lucas, with intent, if resisted, to kill or wound the said L. B. Lucas, and did then and there unlawfully and feloniously take a 32-20 caliber revolver from the person of the said L. B. Lucas and against his will, contrary to the statutes in such cases made and provided  *  *  *."

With relation to the crime charged, § 14-228, Oregon Code 1930, provides:

"Assault and robbery, being armed with a dangerous weapon. If any person being armed with a dangerous weapon shall assault another with intent, if resisted, to kill or wound the person assaulted, and shall rob, steal, or take from the person assaulted any money or other property, which may be the subject of larceny, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary for a period of not less than ten years or during the natural life of such person so convicted  *  *  *."

Relating to larceny by stealing from the person, section 14-317 provides:

"If any person shall commit the crime of larceny by stealing from the person of another, such person shall, upon conviction thereof, be punished by imprisonment in the penitentiary not less than one nor more than five years, or by imprisonment in the county jail not less than six months nor more than one year, or by fine not less than $100 nor more than $500."

■ The manner of stating the acts constituting a crime as set forth in "Forms of Indictments" referred to in Oregon Code 1930, at section 13-705, is declared to be sufficient in all cases where applicable: *State v. Dod-*

*son,* 4 Or. 64; *State v. Spencer,* 6 Or. 152; *State v. Weston,* 102 Or. 102 (201 P. 1083), and cases there cited.

Form No. 10, relating to "Robbery, being armed with a dangerous weapon," reads:

"Being armed with a dangerous weapon, did commit an assault upon one C D, with intent, if resisted, to kill or wound the said C D, and then and there feloniously took a gold watch (or as the case may be) from the person of the said C D and against his will."

· Form No. 11, relating to "Indictment for larceny," reads:

"Feloniously took and carried away a gold watch (or as the case may be), the personal property of C D (or of a person whose name is unknown to the grand jury) of the value of more than $35."

Form No. 12, relating to "Larceny in a dwelling-house," is as follows:

"Feloniously took and carried away in a dwelling-house (or other house, ship, or boat, as the case may be) a gold watch (or as the case may be), the personal property of C D (or a person whose name is unknown to the grand jury)."

Concerning the subject of larceny, Dr. Bishop, in his noted work on criminal law, says:

"We shall find, as we proceed with this chapter, our way encumbered by many technical rules; more, indeed, than under any other title in the criminal law. * * * The horribly severe punishment (death) meted out for this offense in earlier times has also been influential in inducing courts to refine and limit the crime. This process frequently enabled them, in cases which they. deemed to be meritorious, to avoid the necessity of pronouncing the death penalty. The subject of larceny therefore is the best illustration of the old saying that hard cases make bad law." 2 Bishop on Criminal Law, § 760.

In this day, however, the prisoner comes to trial represented by able counsel, with a full, fair chance for self-defense; and the time is past when it was necessary to make technicalities the means of justice. See *O'Kelly v. Territory,* 1 Or. 51.

A case cited by the defendants quite similar in its facts to the one at bar is *State v. Lawrence,* 20 Or. 236 (25 P. 638). In that case this court held that a conviction for the crime of larceny from the person cannot be sustained under an indictment for robbery which fails to charge that the property was taken from the person of another. In the case at bar, the indictment fails to allege directly the ownership of the revolver taken from Lucas, or the value thereof, but it does aver facts implying ownership and property therein.

■ "Larceny * * * is the taking and removing, by trespass, of personal property which the trespasser knows to belong either generally or specially to another, with a felonious intent to deprive him of his ownership therein": 2 Bishop on Criminal Law (9th Ed.), § 758.

See, also Clark's Criminal Law, p. 241.

Rapalje, in his work entitled "Larceny and Kindred Offenses," at page 3, thus defines the term:

" 'Larceny' is derived from the Norman French 'larcyn,' Latin 'latrocinium,' and signifies the felonious, wrongful, and fraudulent taking and carrying away by any person, of the personal goods of another, with the felonious intent to convert them to his own use and make them his property, without the consent of the owner. The taking must be without the least color of right or excuse, against the will of the owner, and from his actual or constructive possession."

■ Larceny from the person is a compound offense, the crime being aggravated by reason of the fact that the theft is committed of property upon the person of another.

■ Throughout the hearing the sufficiency of the indictment herein was not challenged. However, if it fails to state facts sufficient to constitute a crime, it is yet subject to attack.

■ In order to state the crime of robbery, the indictment should include facts sufficient to charge the commission of the crime of larceny, or, in the instant case, the crime of larceny from the person. Robbery is open and violent larceny from the person. See Anderson's Law Dictionary. For the reason that an indictment for robbery must aver everything necessary to constitute larceny from the person, there may be a conviction for larceny from the person under an indictment for robbery. An indictment for simple larceny should aver ownership of the property alleged to have been feloniously taken; and somewhere in a proper indictment for larceny it must appear that the property taken was something of value. In other words, the indictment must show that the thing stolen was the property of some one other than the taker, and was a thing of some value. The term "property of," as here used, implies not only ownership but also that the thing owned possesses some value, however small: 1 McClain on Criminal Law, § 473.

" 'Property' is a term of very broad signification, embracing everything that has exchangeable value or goes to make up a man's wealth, every interest or estate which the law regards of sufficient value for judicial recognition": 6 Words & Phrases (3d Series), 241.

That larceny is included in the offense of robbery, note the statutory definition of robbery hereinbefore set out. See, also, 1 McClain on Criminal Law, § 609, where it is written:

"Larceny is included in the offense of robbery. * * * The offense of larceny from the person differs from robbery only in the element of force and vio-

lence, or putting in fear; and therefore there may be a conviction of larceny from the person, although the evidence shows such violence as to indicate robbery."

Based upon the account given of the holdup by the chagrined victims, the language just quoted is peculiarly applicable to the facts in this cause.

■ An instrument of no value is not subject-matter for prosecution for the crime of larceny: 2 Wharton's Criminal Law (11th Ed.), § 1119. It will be noted that the definitions of "larceny" always embrace ownership and value, and very often use the term as "the property of" the victim; "the property of" designating both ownership and a thing of some value.

■ In the case at bar, no witness testified directly as to the value of the pistol claimed to have been stolen from the person of Lucas. However, both courts and textwriters hold that the value of the article forming the subject-matter of the larcenous act may be shown inferentially. See 2 Wharton's Criminal Law (11th Ed.), § 1117. In the crime of larceny from the person, "the value of the property is immaterial, so that it have some value. There is no occasion, as there is in larceny, for alleging the value, as the punishment is not made to depend on the value of the property taken": 1 McClain on Criminal Law, § 472. To the same effect is Underhill's Criminal Evidence (3d Ed.), § 467.

In the case of *State v. Fraulk*, 22 S. D. 183 (116 N. W. 72), the sufficiency of an averment relating to the ownership and the value of property in a case of larceny is discussed. In determining that case the court held that, as a general rule, in cases of larceny, "where the value of the property alleged to have been stolen is not material, proof of its value is not necessary, as courts and jurors will presume from the nature and

character of the property proved to have been stolen that it had some value: Arch. Crim. Pl. & Pr., 364; 25 Cyc. 86; *Chesnut v. People*, 21 Colo. 512 (42 P. 656); *Territory v. Pendry*, 9 Mont. 67 (22 P. 760); *Houston v. State*, 13 Ark. 66; *Lopez v. State*, 20 Texas 780; *Flannagan v. State*, 32 Neb. 114 (49 N. W. 220). See also Underhill's Criminal Evidence (3d Ed.), § 467.

It is asserted on behalf of defendants that the state failed to prove that defendant Mark Broom took the property with larcenous intent.

■ It is established law in our jurisdiction that, in order to secure a conviction, it is necessary for the state to prove beyond a reasonable doubt that the property was taken and carried away with felonious intent, to deprive the owner permanently of his property.

"A conviction of larceny will not be sustained where there is no evidence of the *animus furandi* and possession by the defendant. The felonious and larcenous intention which was present in taking the goods must be shown beyond a reasonable doubt. It may, of course, be inferred from circumstances indicating motive. The intent is for the jury, and if it can fairly be inferred on all the evidence, a conviction must be affirmed": Underhill's Crim. Ev. (3d Ed.), § 461.

■ In the case at bar the defendant Mark Broom, by violence or by putting in fear of violence, took from the person of the deputy sheriff a pistol, and not only removed it from Tillamook county, but carried it to the city of Portland and kept it in his possession a week before returning it to the sheriff of Tillamook county. In the light of these facts, the question of this defendant's intent to steal was for the jury to determine.

The fundamental law of this state provides:

"No fact tried by a jury shall be otherwise reexamined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." Oregon Const., art. 7, § 3.

In the instant case, the trial court carefully and fully instructed the jury; and it has been held time and again that a verdict reached under proper instructions cannot be disturbed, if there is any competent evidence to support each material allegation contained in the indictment. Among the many cases supporting this view, see *Sather v. Giaconi*, 110 Or. 433 (220 P. 740).

The alleged assault made by defendants upon the officers occurred late at night. The theory of the defense is that the defendants had no knowledge or information that the persons who then accosted them were officers, but that, on the other hand, they believed them of be highwaymen, and, entertaining this belief, defendant Mark Broom drew a disabled pistol, leveled it at the officers and commanded them to hold up their hands. He then caused them to be disarmed and ordered them to go on their way, which order was promptly carried out. A little more than a week later, the defendants, with their attorney, returned to Tillamook and deposited the alleged stolen property with the sheriff of Tillamook county and stated that their alleged acts were committed in the belief that they were defending themselves against the vicious attack of a couple of highwaymen. There may be merit in the contention of defendants that, in disarming the officers, or in carrying the pistol away, they had no intention of committing the crime of larceny of personal property from the persons of the officers; but that contention is foreclosed by the instructions of the court and the verdict of the jury. Moreover, the question as to why they returned the property to the sheriff was peculiarly one for the jury, and this court has not the right to overturn the findings of the jury as to their purpose in so doing.

The judgment appealed from is affirmed.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.